UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
K.R., an infant by her Mother and Natural Guardian
DARIA PEREZ,                                                                               08-CV-2192 (RJD)(SMG)

        Plaintiff,                                                                **JOINT PRETRIAL ORDER**

    -against-

THE UNITED STATES OF AMERICA,

        Defendant.
-------------------------------------------------------------------X

       Pursuant to the Court's August 15, 2011 Order and having conferred with all parties and the Court pursuant to Rule 16, the parties adopt the following statements and directions as their proposed Pretrial Order:

**I.**    **Trial Counsel**

       Trial counsel for the plaintiffs is Lester Hill, Esq., of counsel to David J. Hernandez & Associates, 26 Court Street, Ste. 2200, Brooklyn, New York, 11242, 718-522-0009 (Lester Hill, Esq. cell phone number: 516-662-6783).

       Trial counsel for Defendants is Loretta E. Lynch, United States Attorney for the Eastern District of New York, by Assistant United States Attorney Seth D. Eichenholtz, 271 Cadman Plaza East, Brooklyn, New York, 11201, 718-254-7036

**II.**    **Subject Matter Jurisdiction**

       Plaintiff brings an action for medical malpractice against employees of a federally-funded community clinic.  Under the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g)-(n), certain health clinics, along with employees of those clinics, are deemed employees of the United States and part of the Public Health Service.  Claims for medical malpractice brought against these deemed federal employees are brought against the United

States of America, pursuant to Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

("FTCA"). Therefore, this Court has subject matter jurisdiction over such an action pursuant to the FTCA.

## III.  Claims To Be Tried

The parties agree that the trial should be bifurcated, with a trial regarding liability followed by a separate trial regarding damages, if necessary.

### Plaintiff's Version of Claims to be Tried: [1]

(1) Whether the United States, through its employees/agents, Patricia Silverman, NP and Nancy Rodriguez, departed from the acceptable standards of care for a nurse practitioner by conducting an examination of K.R.'s genitalia on January 13, 2006.

    a. Whether Patricia Silverman, NP and Nancy Rodriguez conducted an unwarranted examination of K.R.'s genitalia.

    b. Whether Patricia Silverman, NP and Nancy Rodriguez forcibly conducted an examination of K.R.'s genitalia without K.R.'s consent.

    c. Whether Patricia Silverman, NP and Nancy Rodriguez conducted an examination of K.R.'s genitalia without obtaining consent from K.R.'s mother Daria Perez.

(2) Whether the medical authorization form signed by Daria Perez in order to enroll K.R. at P.S. 10 gave Patricia Silverman, NP and Nancy Rodriguez unqualified consent to conduct the examination of K.R.'s genitalia

---

[1] Defendant objects to plaintiff's statement regarding the issues to be tried in her proposed pre-trial order. As to claim 1(a), there is no evidentiary basis for such a claim, as the experts retained by both parties agree that, given K.R.'s presentation to medical staff, it was within the generally accepted standard of care to perform a physical examination that included an examination of K.R.'s vaginal area. As to claim (1)(b), to the extent this reiterates plaintiff's other claims it is redundant and to the extent that it seeks to assert a claim of unwarranted force that does not sound in medical malpractice (see 42 U.S.C. §233(e)), the Court lacks jurisdiction over such a claim. As to claims (1)(c) and (2), the only disputed issue is whether N.P. Silverman had consent to perform a physical examination, and plaintiff inappropriately characterizes that issue in these claims.

**Defendant's Version of Claims to be Tried:**

The sole issue of liability to be tried is whether Nurse Practitioner Patricia Silverman had consent to perform a medical examination of K.R. on January 13, 2006.

IV.  **Jury Trial**

Pursuant to 28 U.S.C. § 2402, this is a bench trial.

V.  **Stipulations**

Plaintiffs and Defendant have entered into the following stipulations of fact:

A.  It is hereby stipulated and agreed, by and between the parties that:

1. On January 13, 2006, Patricia Silverman, NP was a nurse practitioner employed by Lutheran Medical Center's Sunset Park Family Health Center ("Sunset Park") and working at a health clinic run by Sunset Park and located in Public School 10 ("P.S. 10")
2. On January 13, 2006, Nancy Rodriguez was a nurse's assistant employed by Sunset Park and working at a health clinic run by Sunset Park and located in P.S. 10.
3. K.R. was a seven-year-old student at P.S. 10 on January 13, 2006.
4. Daria Perez was K.R.'s mother and natural guardian on January 13, 2006.
5. On January 13, 2006, Patricia Silverman, NP examined K.R. at the P.S. 10 School Clinic run by Sunset Park.
6. During the January 13 examination of K.R., Silverman and Rodriguez were acting within the scope of their employment with Sunset Park and, because Sunset Park is federally-funded, were deemed federal employees pursuant to 42 U.S.C. § 233(g).

B.  It is hereby stipulated and agreed that the claim on behalf of Daria Perez is withdrawn, and the caption is hereby amended as per the top of this Order to reflect K.R., by Daria Perez, as the sole plaintiff and the United States of America as the sole defendant.

**VI.     Witnesses To Be Called In The Parties' Cases-in-Chief**

    **Plaintiff's Witnesses:**

1. K.R.
2. Daria Perez
3. Alexa Schneider, NP (Expert)(Liability Only)
4. Dr. Roy H. Lubit (Expert)(Damages Only)*

*Defendant reserves its right to depose Dr. Lubit prior to a damages trial, should such a trial become necessary.*

    **Defendant's Witnesses:**

1. Patricia Silverman, N.P.
2. Nancy Rodriguez
3. Minerva Villalobos
4. Dr. Jessica Foltin (Expert)

*The parties reserves their right to call any of plaintiff's listed witnesses and call additional witnesses for the purpose of impeachment or rebuttal.*

**VII.    Deposition Testimony**

Defendant designates the following testimony from the transcript of the October 21, 2009 deposition of Dr. Vasudev Gabbur to be offered in its case-in-chief:

(a) **Liability:** page 18, line 9 through page 20, line 3; page 23, lines 14 through 25; page 24, line 1 through page 25, line 1; page 32, line 6 through page 34, line 21.

(b) **Damages:** page 22, line 8 through page 23, line 7; page 44 line 18 through page 45, line 11.

*Plaintiff reserves her right to object the above-designated deposition testimony prior to its being offered at trial.*

The parties reserve their right to use additional deposition testimony for impeachment purposes. The parties also reserve the right to designate portions of any witness's deposition transcript should a listed witness be unavailable for trial.

## VIII. Exhibits

**PLAINTIFFS' PROPOSED TRIAL EXHIBITS**

| For Liability | Ex. | Description | Stipulation/Objection |
|---|---|---|---|
|  | A. | Lutheran Medical Center examination records created by Patricia Silverman, NP dated 1/13/06 | * |
|  | B. | School Health Program of Lutheran Medical Center authorization form | * |
|  | C. | Bureau of School Health form Daria Perez returned to P.S. 10 signed by Dr. Gabbur | * |
|  | D. | Memorandum of Understanding By and Between Lutheran Medical Center and P.S. 10 | * |
|  | E. | Child Protective Services investigation report | Defendant cannot determine what this exhibit refers to |
|  | F. | Patricia Silverman, NP's voicemail message recording to Daria Perez on January 13, 2006 | ** |
| For Liability and Damages | G. | Vasudev Gabbur, M.D. medical records | * |
| For Damages | H. | Records from Brooklyn Center for Psychotherapy | To the extent that the exhibit contains inadmissible hearsay |

**DEFENDANT'S PROPOSED TRIAL EXHIBITS**

| Purpose | Ex. | Description | Stipulation |
|---|---|---|---|
| Liability | A. | Lutheran Medical Center Medical Records pertaining to Khaia Ritter, Bates-stamped numbers US00000002-US00000010 | ** |
| Liability | B. | School Health Program of Lutheran Medical Center Medical Consent and Enrollment Form, dated October 27, 2005 and Bates-stamped number NYC0001 | ** |
| Liability | C. | School Health Program of Lutheran Medical Center Medical Consent and Enrollment Form, dated March 5, 2005 | ** |
| Liability | D. | Memorandum of Understanding By and Between Lutheran Medical Center and P.S. 10, Bates-stamped numbers NYC100-NYC112 | ** |
| Liability | E. | Copy of K.R.'s Emergency Contact ("Blue") Card, Bates-stamped number US0000001 | ** |
| Liability | F. | Curriculum Vitae of Patricia Silverman, NP, Bates-stamped numbers US0000015-US0000016 | ** |

| Liability and Damages | G. | Report of Dr. Jessica Foltin | Hearsay |
|---|---|---|---|
| Liability and Damages | H. | Vasudev Gabbur, M.D. medical records, from July 5, 2005 through June 25, 2009 | ** |
| Liability and Damages | I. | Letter from K.R. to Mr. Etchevery and Ms. Chan, Bates-stamped numbers NYC004-NYC005 | ** |
| Liability and Damages | J. | January 13, 2006 E-Mail from Daria Perez to Daniel Etcheverry, Bates-stamped number NYC00687 | *** |
| Liability and Damages | K. | January 14, 2006 Letter from Daria Perez to the Principal of P.S. 10, Bates-stamped numbers NYC00688-NYC00691 | *** |
| Liability | L. | Expert Report of Alexa Schneider | *** |
| Liability and Damages | M. | New York State Department of Education List of Approved Protocol Texts for Nurse Practitioners | * |
| Liability and Damages | N. | Relevant Sections of Protocol Texts | * |
| Damages | O. | Administration for Children's Services Records Pertaining to K.R. and Daria Perez, Bates-stamped numbers NYC00213-NYC00686 | Hearsay |
| Damages | P. | New York City Public Schools Records, Bates-stamped numbers NYC0729-NYC0741 | *** |
| Damages | Q. | Records from Brooklyn Center for Psychotherapy | *** |

*While the parties do not anticipate any objection to the exhibit, the parties must first review the exhibit, and reserve the right to object.
**The parties stipulate to the admissibility of the exhibit.
***Defendant reserves objection should plaintiff attempt to offer the exhibit on her case in chief.

**IX.     Modification of Order**

IT IS ORDERED that the Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto, upon application of counsel for any party made in good faith, or upon the Court's own motion, modify this Pretrial Order to the extent that the Court may deems such modification to be just and proper.

Dated:  Brooklyn, NY
        October 31, 2011

```
                                        _____
                                        The Honorable Raymond J. Dearie
                                        United States District Judge
```

DAVID J. HERNANDEZ & ASSOCIATES          LORETTA E. LYNCH
*Attorneys for Plaintiff*                United States Attorney
26 Court Street, Ste. 2200               Eastern District of New York
Brooklyn, NY 11242                       271 Cadman Plaza East
                                         Brooklyn, NY 11201
By:_____/s/ _____      718-254-7036
    David J. Hernandez, Esq.
    Lester Hill, Esq.                    By:_____/s/_____
    718-522-0009                             Seth D. Eichenholtz, Esq.
                                             Assistant United States Attorney
                                             (718) 254-7036
                                             Seth.Eichenholtz@usdoj.gov